1
2
3
4
5
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
6
AT TACOMA
7
ARIME PTY, LTD., et al,
8
                    Plaintiffs,                    CASE NO. C09-5436BHS
9
        v.
10
ORGANIC ENERGY CONVERSION                          ORDER EXERCISING
COMPANY, LLC, et al,                               ORIGINAL JURISDICTION
11                                                 OVER PLAINTIFFS' CLAIM
                                                   AGAINST DEFENDANT
12                  Defendants.                    WILLIAM R. ROSE
13
14
15          This matter comes before the Court on the parties' memoranda in response to the

16  Court's order to show cause (Dkt. 16) regarding Defendant William R. Rose's motion to

17  dismiss (Dkt. 10). The Court has considered these pleadings and the case file, as

18  discussed below, and hereby denies the remainder of Defendant's motion for the reasons

19  stated herein.

20                          **I. PROCEDURAL HISTORY**

21          On July 17, 2009, Plaintiffs filed a complaint against Defendants. Dkt. 1. On July

22  30, 2009, William R. Rose ("Mr. Rose") filed an answer to the complaint. Dkt. 7. On

23  August 27, 2009, the remaining Defendants filed an answer to the complaint. Dkt. 9. On

24  August 28, 2009, Mr. Rose filed a motion to dismiss with prejudice all claims against

25  him. Dkt. 10. On September 21, 2009, Plaintiffs responded to Mr. Rose's motion to

26  dismiss. Dkt. 12. On September 25, 2009, Mr. Rose replied. On September 28, 2009, this

27  matter was reassigned to the undersigned. Dkt. 14. On October 26, 2009, the Court

28

ORDER - 1

granted Plaintiffs' motion to amend its complaint (Dkt. 11) and the amended complaint was filed on October 28, 2009 (Dkt. 17). In the same order (Dkt. 17), the Court denied Mr. Rose's motion to dismiss in part but directed the parties to show cause as to whether the Court should exercise supplemental jurisdiction over Plaintiffs' claims regarding a $49,000 loan allegedly made to and defaulted upon by Mr. Rose. Dkt. 16. The parties have accordingly filed responsive memoranda. *See* Dkts. 19, 21.

## II. FACTUAL BACKGROUND

The instant matter arises out of a dispute between various stakeholders who agreed to form and/or join Organic Energy Conversion Company, LLC ("OECC"). Arime Pty, Ltd. ("Arime") is a limited liability company registered in Victoria, Australia. Dkt. 1 ¶ 1.1. OECC is a Washington limited liability company with its principal place of business in Tacoma, Washington. *Id*. ¶ 1.2. Mr. Rose is an individual residing in Tacoma, Washington, who allegedly does business as William R. Rose & Associates. *Id*. ¶ 1.3; *but see* Dkt. 7 ¶ 1.3 (Mr. Rose admitting residence in Washington but denying that he does business as William R. Rose & Associates).

On May 17, 2007, Arime and OECC entered into a Loan and Security Agreement for a loan in a principal amount of $2 million. Dkt. 1 ¶ 4.1. Arime disbursed this loan to OECC in May of 2007. *Id*. On or about May 17, 2007, OECC delivered to Arime a secured promissory note for the original principal amount of $2 million (the "promissory note"). *Id*. ¶ 4.3. The promissory note required payment in full by OECC on or before July 1, 2009. *Id*. ¶ 4.6. Arime alleges that OECC failed to make timely payments required under the promissory note and is, therefore, in default. *Id*. ¶ 4.7.

Arime also alleges that, on or about March 19, 2008, it made a separate loan in the amount of $49,000 to Mr. Rose and that he has failed to repay this loan. *Id*. ¶ 4.9; *see also id*. ¶ 7.2.

In its amended complaint (Dkt. 17), Plaintiffs allege the following pertinent claim: "In consideration of and in reliance upon Defendants' promises and representations,

Arime entered into the *various loan documents described herein*." Dkt. 17 ¶ 19. The only loans discussed in the complaint are the $2 million loan made to OECC and the $49,000 loan made to Mr. Rose. *See, e.g.,* Dkt. 17 ¶¶ 19, 35-38, 39-53 (alleging that the loan to Mr. Rose was made based upon the same representations relied upon in making the $2 million loan).

## III. DISCUSSION

Under 28 U.S.C. § 1332, diversity jurisdiction is established when each defendant is a citizen of a different state from each plaintiff and the amount in controversy exceeds $75,000. *See Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983). Based on the pleadings currently before the Court, the parties have established diversity jurisdiction and sufficiently alleged facts implicating Mr. Rose's involvement in the controversy, which includes the alleged $49,000 loan made to Mr. Rose by Arime. The Court has reached this finding based solely on the allegations in Plaintiffs' amended complaint. *See, e.g.,* Dkt. 17 ¶¶ 19, 35-38, 39-53.[1]

## IV. ORDER

Therefore, it is hereby **ORDERED** that the Court will exercise original jurisdiction over Plaintiffs' claims as discussed herein.

DATED this 1st day of December, 2009.

BENJAMIN H. SETTLE
United States District Judge

---

[1]The Court notes that Plaintiffs, in support of their brief responding to the Court's show cause order (Dkt. 16), filed a copy of an email thread regarding the nature of the $49,000 loan allegedly made to and defaulted upon by Mr. Rose. The Court has not considered this document in reaching the decision herein, as it is a matter outside the pleadings and Mr. Rose's motion is not being treated as one for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 . . . ."